UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 2:11cr510 |
| | ) | |
| v. | ) | 18 U.S.C. § 371 |
| | ) | 2 U.S.C. § 437g(d)(1)(D)(i) |
| **JIAN-YUN DONG** | ) | 2 U.S.C. § 441f |
| a/k/a John Dong | ) | 18 U.S.C. § 2 |
| **DANHER WANG** | ) | 18 U.S.C. § 1001(a) |
| | ) | 18 U.S.C. § 1512(b) |
| | ) | 18 U.S.C. § 1512(b)(3) |
| | ) | |
| | ) | **INDICTMENT** |

## COUNT ONE

THE GRAND JURY CHARGES:

At all times relevant to this indictment:

### Background

A.   **JIAN-YUN DONG** a/k/a John Dong and his wife **DANHER WANG** were residents of Mount Pleasant, South Carolina, residing with their daughter D.D. at 4201 Victory Point Drive, Mount Pleasant, South Carolina. Defendants **DONG** and **WANG** operated a business called GenPhar, Inc, a company that sought and received various federal grants. GenPhar, Inc. was also headquartered in Mount Pleasant, South Carolina.

B.   R.H. was a German national with business interests in South Carolina, and elsewhere; R.H. was a shareholder in GenPhar, Inc.

C.   The Honorable Lindsay Graham was a United States Senator from the State of South Carolina. Senator Graham was a candidate for the United States Senate in the 2008 federal election.

1

D.    "Lindsay Graham for Senate" was the principal campaign committee of Senator Graham's 2008 reelection campaign and it solicited and accepted contributions on his behalf. This organization was replaced by a new campaign committee ("Team Graham Inc.") following the 2008 election. Senator Graham also operated a political action committee ("PAC) called "The Fund for America's Future."

E.    The maximum allowable individual contribution to a particular candidate for federal office for the 2008 election cycle was $4,600.00; the maximum allowable individual contribution to a PAC during the calendar years 2008 and 2009 was $5,000.00 per individual per year.

F.    During the 2008 election campaign season, Defendant **DONG**, beginning on or about June 28, 2005, and continuing until or about March 23, 2007, made incremental payments amounting to a total contribution to Senator Graham's campaign in an aggregate amount of $4,600.00; Defendant **WANG**, beginning on or about June 30, 2005, and continuing until or about March 23, 2007, made incremental payments amounting to a total contribution to Senator Graham's campaign in an aggregate amount of $4,400.00.

G.    During the calendar years 2008 and 2009, Defendant **DONG** made contributions to "The Fund for America's Future" in the amount of $5,000.00 per year. During the calendar years 2008 and 2009, Defendant **WANG** also made contributions to "The Fund for America's Future" in the amount of $5,000.00 per year.

**The Federal Election Commission and Regulation of Federal Elections**

H.    The Federal Election Commission (FEC) was an agency of the executive branch of the government of the United States that administered and enforced the Federal Election Campaign Act (FECA).

I. Specific FECA provisions governed the making and reporting of campaign contributions, including:

(1) The maximum individual contribution allowed by law to any federal candidate was $4,600.00 for the 2008 federal election cycle; the maximum individual contribution to a political action committee in calendar year 2009 was $5,000.00;

(2) It was unlawful to make contributions to candidates for federal office or their PACS in the name of another person or knowingly permit one's name to be used to effect such contributions;

(3) It was unlawful for a foreign national to make, either directly or through another person, any contribution in connection with any federal, state or local election.

(4) "Lindsay Graham for Senate" was required to file quarterly reports with the FEC identifying each person who made a contribution during the reporting period whose contribution or contributions for that calendar year aggregated over $200;

(5) "The Fund for America's Future" was also required to file quarterly reports with the FEC identifying each person who made a contribution during the reporting period whose contribution or contributions for that calendar year aggregated over $200; and

(6) The FEC was responsible for providing accurate information to the public about the amounts and sources of campaign contributions, and it used these quarterly reports to administer and enforce the FECA.

### The Conspiracy and Its Objects

J. From in or about Spring, 2007, through on or about late December, 2009, in the District of South Carolina and elsewhere, the Defendants, **JIAN-YUN DONG** a/k/a John Dong and

**DANHER WANG** knowingly did combine, conspire, confederate and agree together and with each other and with others both known and unknown to the grand jury:

(1) to commit an offense against the United States: that is, to knowingly and willfully violate the FECA by making contributions aggregating more than $10,000 during the 2007 and 2009 calendar years to an authorized campaign committee and PAC of a federal candidate, in the names of other persons, in violation of 2 U.S.C. Section 441f and 2 U.S.C. Section 437g(d)(1)(D)(i);

(2) to commit an offense against the United States: that is, to knowingly and willfully violate the FECA by making contributions from a foreign national to an authorized campaign committee of a federal candidate, in violation of 2 U.S.C. Section 441e; and

(3) to defraud the United States by impairing, impeding, obstructing and defeating the lawful functions and duties of the Federal Election Commission (FEC).

### The Purpose of the Conspiracy

K.  The purpose of the conspiracy was for defendants **JIAN-YUN DONG** a/k/a John Dong and **DANHER WANG** to make prohibited campaign contributions in excess of $16,000.00 to "Lindsay Graham for Senate" in calendar year 2007 and to make prohibited contributions totaling at least $15,000.00 to "The Fund for America's Future" during calendar year 2009, without being detected by the FEC, Senator Graham's campaign staff and the public.

### The Manner and Means of the Conspiracy

L.  It was a part of the conspiracy that Defendant **JIAN-YUN DONG** a/k/a John Dong, in order to fulfill a commitment to raise approximately $25,000 for Senator Graham's 2008 campaign, solicited funds from R.H., a foreign national, and used those funds to make campaign contributions

4

**DANHER WANG** knowingly did combine, conspire, confederate and agree together and with each other and with others both known and unknown to the grand jury:

(1) to commit an offense against the United States: that is, to knowingly and willfully violate the FECA by making contributions aggregating $10,000 or more during the 2007 and 2009 calendar years to an authorized campaign committee and PAC of a federal candidate, in the names of other persons, in violation of 2 U.S.C. Section 441f and 2 U.S.C. Section 437g(d)(1)(D)(i);

(2) to commit an offense against the United States: that is, to knowingly and willfully violate the FECA by making contributions from a foreign national to an authorized campaign committee of a federal candidate, in violation of 2 U.S.C. Section 441e; and

(3) to defraud the United States by impairing, impeding, obstructing and defeating the lawful functions and duties of the Federal Election Commission (FEC).

### The Purpose of the Conspiracy

K.  The purpose of the conspiracy was for defendants **JIAN-YUN DONG** a/k/a John Dong and **DANHER WANG** to make prohibited campaign contributions totaling $16,770.00 to "Lindsay Graham for Senate" in calendar year 2007 and to make prohibited contributions totaling $15,000.00 to "The Fund for America's Future" during calendar year 2009, without being detected by the FEC, Senator Graham's campaign staff and the public.

### The Manner and Means of the Conspiracy

L.  It was a part of the conspiracy that Defendant **JIAN-YUN DONG** a/k/a John Dong, in order to fulfill a commitment to raise approximately $25,000 for Senator Graham's 2008 campaign, solicited funds from R.H., a foreign national, and used those funds to make campaign contributions

4

over and above the legal limits and concealed the true source of the contributions by making the contributions in the names of other individuals, known as "Conduits."

M.  It was part of the conspiracy that Defendant **DONG** persuaded R.H. to transfer approximately $12,000.00 each from a German bank located in Frankfurt, Germany ("Commerzbank") to **DONG**, **WANG**, and a GenPhar employee who acted as a "conduit", causing the wire transfer of a total of $36,000.00 from Commerzbank on or about June 6, 2007, to Bank of America and Wachovia accounts in Charleston, South Carolina.

N.  It was a part of the conspiracy that Defendants **DONG** and **WANG** recruited "conduits" (including their minor daughter, other family members, and employees of GenPhar Inc) and provided them with funds supplied in whole or in part by R. H. to support **DONG's** plan. It was further a part of the conspiracy that Defendants **DONG** and **WANG** then requested that each conduit contribute money to Senator Graham's 2008 campaign.

O.  It was a part of the conspiracy that Defendants **DONG** and **WANG** used several of the conduits who contributed funds in their own names during the 2007 (including, but not limited to their daughter) to make conduit contributions in 2009 to "The Fund for America's Future".

## Overt Acts in Furtherance of the Conspiracy

P.  In furtherance of the conspiracy, and to effectuate the objects thereof, the Defendants **JIAN-YUN DONG** a/k/a John Dong, **DANHER WANG** and their co-conspirators committed, among other acts, the following overt acts in the District of South Carolina and elsewhere:

(1)  On or about Spring, 2007, Defendant **DONG** attempted to persuade R.H. to direct employees of a Charleston, South Carolina-based business entity controlled by R.H. to make to conduit contributions to Senator Graham's campaign;

5

(2) On or about May 14, 2007, Defendant **DONG** sent a document to R.H. requesting a transfer of funds in the amount of $36,000.00;

(3) On or about June 6, 2007, Defendant **DONG** caused R.H. to transfer approximately $36,000.00 from a German bank located in Frankfurt, Germany ("Commerzbank") to Defendants **DONG**, **WANG**, former GenPhar employee and conduit R.P., causing the wire transfer of $12,000 to each, with a total of $24,000.00 going to Bank of America accounts held by Defendants **DONG** and **WANG** in Charleston, South Carolina, and $12,000.00 to a Wachovia account held by conduit R.P. in Charleston, South Carolina;

(4) On or about June 13, 2007, Defendant **WANG** wrote a $4,700.00 check drawn on a bank of America account made payable to GenPhar employee and conduit J.J.;

(5) On or about June 18, 2007, at the direction of Defendants **DONG** and **WANG**, conduit R.P. wrote a $4,600.00 check drawn on a Wachovia account made payable to "Senator Lindsey Graham";

(6) On or about June 18, 2007, at the direction of Defendants **DONG** and **WANG**, conduit R.P. wrote a $4,700.00 check drawn on a Wachovia account made payable to GenPhar employee and conduit J.J. and wrote a $2,750.00 check drawn on a Wachovia account made payable to GenPhar employee and conduit D.O.;

(7) On or about June 28, 2007, at the direction of Defendants **DONG** and **WANG**, conduit J.J. wrote a check in the amount of $4,600.00 drawn on a BB&T account made payable to "Senator Lindsay Graham";

(8) On or about September, 2007, Defendant **WANG**, acting at the direction of Defendant **DONG**, contacted her (Defendant **WANG**'s) sister who resided in the state of Illinois

6

(conduit D.T) and requested that D.T. make conduit contributions to Senator Graham's campaign;

(9)     On or about September 13, 2007, Defendant **DONG**, using his GenPhar email account, sent an email to R.H. commenting on a recent development in obtaining government funds for a GenPhar project, noting that "This is your money at work";

(10)     On or about September 20, 2007, Defendant **WANG**, acting on instructions from Defendant **DONG**, wrote two (2) separate checks in the amounts of $2,500.00 and $1,000.00, respectively, drawn on a Bank of America account made payable to GenPhar employees and conduits J.W. and D.H.;

(11)     On or about September 21, 2007, at the direction of Defendants **DONG** and **WANG**, conduit J.W. wrote a $1,000.00 check drawn on a Capital One account made payable to "Lindsay Graham for Senate";

(12)     On or about September 21, 2007, A.H. (wife of conduit D.H.) wrote a $1,000.00 check drawn on a Wachovia account made payable to "Lindsay Graham for Senate";

(13)     On or about late September, 2007, conduits D.T. and K.T (husband of conduit D.T.) acting at the direction of Defendant **WANG**, made conduit contributions of $1,000.00 each to Senator Graham's campaign;

(14)     On or about December 15, 2007, Defendants **DONG** and **WANG** made a $1,000.00 conduit contribution to Senator Graham's campaign in the name of their minor daughter (conduit D.D.);

(15)     On or about early 2009, Defendant **DONG** directed that Defendant **WANG** again contact her (Defendant **WANG**'s) sister and arrange conduit contributions to "The Fund for America's Future";

7

(16)  On or about April 23, 2009, conduits D.T and K.T. each wrote $5,000.00 checks made drawn on separate accounts made payable to "The Fund for America's Future."

(17)  On about April 24, 2009, Defendant **WANG**, acting at the direction of Defendant **DONG**, wrote a $5,000.00 check drawn on the Tidelands bank account of conduit D.D. made payable to "The Fund for America's Future.

All in violation of Title 18, United States Code, Section 371.

## COUNT TWO

THE GRAND JURY FURTHER CHARGES:

A.  The allegations made in Count One of this Indictment are hereby re-alleged and incorporated herein.

B.  From on or about June 18, 2007, until on or about December 15, 2007, the Defendants **JIAN-YUN DONG** a/k/a John Dong and **DANHER WANG,** as principals, aiders and abettors and as co-participants in jointly-undertaken criminal activity, knowingly and willfully violated the FECA by making contributions in the names of others that aggregated more than $10,000 during the 2007 calendar year, that is, Defendants **DONG** and **WANG** knowingly and willfully caused other persons to contribute to "Lindsay Graham for Senate" and advanced, reimbursed and agreed to reimburse those persons for their conduit contributions.

All in violation of Title 2, United States Code, Sections 441f and 437g(d)(1)(D)(i) and Title 18, United States Code, Section 2.

## COUNT THREE

THE GRAND JURY FURTHER CHARGES:

A.  The allegations made in Count One of this Indictment are hereby re-alleged and incorporated herein.

B.  From on or about early April, 2009, until on or about late May, 2009, the Defendants **JIAN-YUN DONG** a/k/a John Dong and **DANHER WANG,** as principals, aiders and abettors and as co-participants in jointly-undertaken criminal activity, knowingly and willfully violated the FECA by making contributions in the names of others that aggregated more than $10,000 during the 2009 calendar year, that is, Defendants **DONG** and **WANG** knowingly and willfully caused other persons to contribute to "The Fund for America's Future" and advanced, reimbursed and agreed to reimburse those persons for their conduit contributions.

All in violation of Title 2, United States Code, Sections 441f and 437g(d)(1)(D)(i) and Title 18, United States Code, Section 2.

## COUNT FOUR

THE GRAND JURY FURTHER CHARGES:

That on or about August 25, 2009, in the District of South Carolina, the Defendant **JIAN-YUN DONG** a/k/a John Dong, in a matter within the jurisdiction of the executive branch of the government of the United States, did knowingly make materially false, fictitious and fraudulent statements and representations, knowing the same to be false, in that he falsely denied that he had asked persons other than current or former GenPhar employees to make conduit campaign contributions, made false statements concerning his solicitation of GenPhar employees to serve as conduits and further falsely denied that he was aware that it was illegal to make conduit campaign contributions;

In violation of Title 18, United States Code, Section 1001(a).

## COUNT FIVE

THE GRAND JURY FURTHER CHARGES:

That on or about December 23, 2009, in the District of South Carolina, the Defendant **JIAN-YUN DONG** a/k/a John Dong, in a matter within the jurisdiction of the executive branch of the government of the United States, did knowingly make materially false, fictitious and fraudulent statements and representations, knowing the same to be false, in that he made false statements concerning the reason R.H. transferred approximately $36,000.00 at his direction in June of 2007, and made false statements concerning his solicitation of GenPhar employees to serve as conduits,

In violation of Title 18, United States Code, Section 1001(a).

## COUNT SIX

THE GRAND JURY FURTHER CHARGES:

That on or about early July, 2010, in the District of South Carolina, the Defendant **JIAN-YUN DONG** a/ka/ John Dong knowingly did corruptly persuade and attempt to corruptly persuade, and did engage in misleading conduct towards a potential witness with the intent to hinder, delay and prevent the communication to a law enforcement officer of the United States of information relating to the commission and possible commission of a federal offense, all in an effort to prevent a witness from providing full, complete and truthful information about that witness' knowledge of the Defendant's involvement in making illegal campaign contributions in violation of federal law;

In violation of Title 18, United States Code, Sections 1512(b) and 1512(b)(3).

## COUNT SEVEN

THE GRAND JURY FURTHER CHARGES:

That on or about August 13, 2010, in the District of South Carolina, the Defendant **JIAN-YUN DONG** a/k/a John Dong, in a matter within the jurisdiction of the executive branch of the government of the United States, did knowingly make materially false, fictitious and fraudulent statements and representations, knowing the same to be false, in that he made false statements concerning his involvement in witness tampering and his communications with R.H. on or about July 2, 2010;

In violation of Title 18, United States Code, Section 1001(a).

11

A _TRUE_ BILL

███████████
FOREPERSON

███████████
WILLIAM N. NETTLES (MCM/DBB)
UNITED STATES ATTORNEY

12